**UNITED STATES of America, Plaintiff,**

v.

**Robert Steven LUJAN, Defendant.**

**No. CR 88–24–BU.**

United States District Court,
D. Oregon.

July 20, 1989.

**478**

Charles H. Turner, U.S. Atty., and Frank Noonan and Leslie Baker, Asst. U.S. Attys., Portland, Or., for plaintiff.

Hap Wong, Portland, Or., for defendant.

## ORDER

JAMES M. BURNS, District Judge.

Defendant's motion for release pending appeal (18 U.S.C. § 3143) was heard on July 14, 1989. Defendant is appealing his conviction on three counts:

a. Count I, Conspiracy to distribute drugs, 21 U.S.C. § 841(a)(1) and § 846;

b. Count IX, Distribution of drugs, 21 U.S.C. § 841(a)(1);

c. Count X, Distribution of drugs, 21 U.S.C. § 841(a)(1).

Defendant was convicted on April 11, 1989 by jury verdict after a trial which seemed much longer than it actually was.[1] He was subject to a total of 90 years in prison, but received three concurrent 12-year sentences under [old] 18 U.S.C. § 4205(a) since all of his criminal conduct predated the advent of Sentencing Guidelines on November 1, 1987. Sentencing hearing was held on June 5, 1989.

Defendant's burden is a heavy one; he must show that his appeal presents a "substantial question of law or fact" likely to result in reversal or a new trial. Under *U.S. v. Handy*, 761 F.2d 1279 (9th Cir.1985) such question (or questions) must be ones which are "fairly debatable;" he must also establish by clear and convincing

evidence that he will not, if released, pose a risk of flight or danger.

1) *Substantial Issue(s):* I cannot conscientiously say that all of his issues are unsubstantial. Trial of a multi-defendant, multi-count drug case can be tricky, indeed, especially given the virtual flood (and to me, at least, often confusing) of case law which governs and is supposed to guide the trial bar and bench. Thus, I find that several issues as set forth in defendant's papers filed June 22, 1989, are "substantial" within the meaning of § 3143.

2) *Risk of Flight:* I cannot, conscientiously say either that defendant has failed to establish lack of risk of flight. His drug trafficking has been extensive, as shown briefly here, and more lengthily at trial and in the presentence report. But his strong family ties—two tiny children and a wife currently bearing his third child—present circumstances in which an acceptable set of release conditions could probably be fashioned under § 3142(c). This is supported in part by the fact that after his 1985 Washington state court conviction was affirmed on appeal in September, 1987, he voluntarily surrendered in order to commence serving his state sentence of 2 years and a day.

3) *Risk of Danger:* Defendant, however, falls far short of his burden on this prong of the three-part test. There is a strong presumption established by the indictment itself under § 3142(f). This presumption, in effect, becomes even stronger after conviction at trial. The jury has found guilt on a conspiracy and two substantive drug trafficking counts. Strong evidence was presented establishing two separate drug sales committed by defendant in July, 1987, while he was out on appeal bond on the Washington state conviction. That conviction was based on a sizable drug sale (4 ounces of tar heroin for $24,000) which took place in June of 1985. The evidence in this case is strong and reliable. It shows that drug trafficking was virtually a "fami-

---

1. Trial commenced on Wednesday, March 8; the jury retired on Saturday, April 8, and returned its verdicts on Tuesday, April 11. However, due to the illness mid-trial of defendant Mike Valdez, the trial itself was "on hold" from March 13 to April 3. Actual trial days were thus only 9.

ly" affair.[2] Defendant's uncle, defendant Mike Valdez was the kingpin. Defendant's mother and step-brother have both pleaded guilty to drug charges carrying a 20–year sentence; another of defendant's step-brothers, Joseph Richard Valdez, was also heavily involved. It is true that Joseph Richard Valdez was found not guilty by the jury, but it should not be forgotten that he tried to plead guilty to a 20–year drug charge at the outset of the trial.[3]

Thus I find that defendant has fallen far short of meeting his burden of proving lack of risk of danger. Indeed, I could easily find that the evidence (not just a mere preponderance, but clear and convincing as well) shows that defendant presents a risk of danger if the shoe were on the prosecutor's foot, as it is before trial. In reaching this finding, I rely on all evidence in the record, and upon the presentence report. The foregoing are my findings under § 3142(i). Thus,

IT IS ORDERED that defendant's motion for release pending appeal is DENIED.

---

**2.** Indeed, it can be fairly described as both interstate and international, given the Oregon–Arizona axis and given that drugs came from Mexico and some were sold as far away as in Canada, or at least to Canadian buyers.

**3.** Indeed, the record shows that both this defendant and Joseph Richard Valdez claimed—as trial was about to begin—that they each had a "right" to plead guilty to a single drug count when the joint plea bargain (wherein all five defendants were to plead guilty) came unravelled.